**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:19-MC-20751-COOKE/GOODMAN**

In re Application of:

Francesco Lefebvre D'Ovidio,
for Order to Obtain Discovery for
Use in Foreign Proceeding.
_____/

**REPLY IN SUPPORT OF MOTION TO
INTERVENE AND MEMORANDUM OF LAW**

Manfredi Lefebvre ("Manfredi"), through undersigned counsel and pursuant to Rule 24, Federal Rules of Civil Procedure, and Local Rule 7.1(c), respectfully submits this Reply in support of his Motion to Intervene (ECF No. 12).

**Preface**

Now that the docket has been unsealed,[1] Manfredi has a better sense of how Francesco persuaded this Court to approve his subpoena to Royal Caribbean Cruise Lines (RCCL), which seeks financial and other confidential information that Francesco never sought in the first instance to obtain directly from Manfredi in the Italian litigation.[2]

Lest we not forget, Francesco *lost* the Italian litigation. In fact, he lost several times in both the trial and intermediate appellate courts.

At issue now is a January 17, 2018 decision of the Italian Supreme Court (Case No. 2018-16316) which refers the Italian litigation proceedings back to the intermediate appellate court for a limited purpose. *See* ECF No. 5-1 (the "**Referral Decision**").

---

[1] The Motion to Intervene also initially sought to unseal the docket (ECF No. 12), which the Court granted (ECF No. 22).

[2] Of course, the reason that Francesco never sought such information, and does not event attempt to suggest that he did, is because Italian law does not allow for such discovery.

PAGE **1** OF **8**

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Preliminarily, and dispositive of the Motion *sub judice*, Francesco is arguing the wrong motion. The motion at issue is whether Manfredi should be authorized to intervene to protect his interest. The motion is not, as Francesco seems to argue, whether the underlying *ex parte* Order granting the section 1782 Application should be vacated. That Motion is not even before the Court at this time, although it surely will be if Manfredi is given permission to intervene.

As will be more fully discussed in the motion to vacate, Francesco is deliberately wrong on the merits. Francesco insists, through a declaration submitted by his Italian litigator, Salvatore Patti, that there is a rule of Italian civil procedure allowing the introduction of new evidence in an appeal proceeding of this nature. *See* ECF. No. 5 (Patti Feb 22, 2019 Decl.) at ¶ 23 ("While typically a court of appeals may not allow production of discovery, there are exceptions to that general principle. This matter squarely falls within the exceptions and therefore discovery is allowed here, as explained below"). Patti repeats this assertion in a second declaration filed in opposition to Manfredi's motion to intervene. *See* ECF 30 -1 (Patti Apr. 23, 2019 Decl.) at ¶ 11 ("Article 345 of the ICCP provides that new evidence may be introduced into the appeal proceeding 'where the party shows that he could not offer that evidence or exhibit those documents in the first instance proceeding for reasons not attributable to him.'").

Other than theoretical conjecture, however, attorney Patti never actually comes out and says that the Referral Decision authorizes Francesco to submit new evidence. Nor does he submit any document requesting permission from the Italian Court of Appeals to submit evidence, nor any other pleading, motion, order, or even document request in the Italian litigation that seeks such information or that authorizes the **_use_** of such information. He does not, because he cannot, given that the Appellate proceeding is closed.

Conspicuously absent from attorney Patti's declarations are **_any citations_** to the Referral Decision.

PAGE 2 OF 8

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Indeed, neither Francesco nor his Italian attorney cite to a single section number, paragraph, or page number of the Referral Decision to support any of their assertions, despite the fact that the Referral Decision is meticulously divided into ten sequentially numbered sections and subsections. *See Levine v. Cent. Fla. Med. Affiliates, Inc.*, 864 F. Supp. 1175, 1181 (M.D. Fla. 1994) ("The Court's review of the first two elements has been significantly hindered by Plaintiff's failure to provide at least a page cite to a number of depositions filed in support of his response. As a practical matter, the Court simply does not have the time to track down statements that purportedly create a disputed issue of fact. Faced with this dilemma, the Court has chosen to assume the first two elements are satisfied."), *aff'd,* 72 F.3d 1538 (11th Cir. 1996).

Instead, Francesco merely points to the decision as a whole – **all 36 pages** – as if the support for his arguments in this Court is self-evident from the decision itself. Unfortunately, it is readily apparent that, even if Francesco had provided pinpoint citations, the uncertified English translation of the Italian Referral Decision that Francesco filed with this Court is virtually indecipherable, thus leaving Francesco's lawyer free to offer any interpretation that supports their expedition. *See* ECF No. 5-1. We are in the process of obtaining a certified translation of the Referral Decision from which the Court will be able to read and directly understand the ruling of the Italian Supreme Court.

Francesco argues that Manfredi should not be allowed to intervene because of the conclusory, self-serving position that the yet-to-be-filed motion to vacate would be "without merit." *See* ECF No. 30 at 1. **To the contrary**, Manfredi intends to show that Francesco did not assert a *prima facie* case under section 1782 because neither the Referral Decision nor any other rule or decision permits the admission or use of further evidence in the Italian Proceeding.

Thus, although section 1782 was clearly intended to help gather evidence "**for use**" in foreign judicial proceedings – it was not designed to help foreign litigants use the judicial resources of this Court to **circumvent** the evidentiary rules of foreign jurisdictions. Nor was it intended to allow a

PAGE **3** OF **8**

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

disappointed foreign litigant an unlimited avenue to harass his adversary with American-style discovery that was not sought or authorized in the foreign proceeding, cannot be used in the foreign proceeding, and thus would serve no purpose other than to satiate an individual's quest for self-anointed knowledge.

## MEMORANDUM OF LAW

### *Francesco is arguing the wrong motion.*

For the most part, his arguments are premature and should be directed towards Manfredi's anticipated *motion to vacate* the Order approving the Application, which Manfredi has not yet filed because Manfredi is not (yet) a party to this action.

To the extent that Francesco is arguing that intervention should be denied because Manfredi is likely lose his motion to vacate, the argument is premature and without legal or factual support.

The decision on whether to allow intervention is separate and apart from the issue of the underlying merits. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987) ("We assume, *arguendo*, that the District Court order conclusively determined CNA's right to intervene, and that the intervention issue is completely separate from the merits of the underlying action."). Understandably, case law does not support denial of intervention in a section 1782 action on the grounds of futility, nor should this Court decide *now* whether to recommend vacating the Order approving Francesco's application. *See, e.g., Fla. Med. Ass'n, Inc. v. Dep't of Health, Educ., & Welfare*, 3:78-CV-00178-MMH, 2011 WL 4459926, at *6 (M.D. Fla. May 18) ("HHS cites no case in which a court limited intervention based on a prediction of whether a intervenor's claim might be successful, but asks the Court to prejudge Intervening Defendants' cross-claims based on its idea of how they might be argued. … The Court need not wade into these brambles, which are far too complex to take up on (or serve as grounds to limit) intervention. …Therefore, the Court need not, and should not, preemptively decide the

PAGE 4 OF 8

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

merits of this case."), *report and recommendation adopted in part,* 3:78-CV-178-J-34MCR, 2011 WL 4459387 (M.D. Fla. Sept. 26, 2011).

Factually speaking, as succinctly reiterated below, Manfredi satisfies the grounds for both types of Rule 24 intervention.

### I. Manfredi is Entitled to Intervene as a Matter of Right

For intervention as a matter of right, Rule 24(a) requires the nonparty to show: (1) "his application to intervene is timely"; (2) "he has an interest relating to the property or transaction which is the subject of the action"; (3) "he is so situated that disposition of the action, as a practical matter, may impeded or impair his ability to protect that interest"; and (4) "his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

The only factor in the intervention by right analysis that Francesco challenges is whether existing parties would adequately protect Manfredi's interest. *See* ECF No. 30 at 2-4. Francesco concludes, with no factual support, that Manfredi should be excluded because RCCL can adequately protect his interests. Yet, the predicate for Francesco's position is that Manfredi and RCCL were on opposite sides of a commercial transaction. Common sense dictates that the interests of the opposite sides of a commercial transaction are not necessarily aligned.

Manfredi has interests that he wishes to protect that are separate and distinct from RCCL's interests. By way of example, RCCL may not care whether the Italian proceedings are "closed" or what discovery limitations may be imposed on Francesco in Italy. RCCL's interests, presumably confidentiality of business information and undue burden, coupled with its duty to shareholders. Manfredi's interests run far deeper as they are distinctly personal and familial and not something that can or should be imposed on a public company such as RCCL. *See, e.g., Nat'l Wildlife Fed'n v. Souza*, 08-14115-CIV, 2008 WL 11331895, at *2 (S.D. Fla. May 16, 2008) ("As IMC states in its motion, the

PAGE 5 OF 8

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

government Defendants primary interest is in serving the public interest while IMC has the narrower interest of protecting its economic and propriety interests. Such diverging interests could result in different litigation decisions.").

Francesco indeed concedes that Manfredi must intervene to "**protect[] his legitimate personal interests relating to his own privacy rights and privilege issues, if and to the extent that he has any.**" ECF No. 30 at 2 (emphasis added). That Manfredi has such interests at stake would seem beyond peradventure based on the plain language of the subpoenas. *See* ECF No. 4-1 (Subpoena for Documents) at ¶ 23 ("All documents relating to consideration paid and/or promised by [RCCL] in the Transaction, including without limitation all escrow agreements, copies of checks, documents concerning wire transfers or other forms of payment issued, stored, generated, sent, given, received and/or exchanged by RCC at any time at, before or after closing of the Transaction."). The scope of Manfredi's intervention should not be limited in any way.

Francesco relies *exclusively* on this Court's decision in *In re Pinchuk* to suggest that Manfredi's intervention should be limited to protecting his financial privacy in the documents produced by RCCL and that he should be allowed neither to file a motion to vacate the Order approving Francesco's Application nor object to the scope of the subpoenas.

Such limited intervention is not sufficient here and would prejudice Manfredi's rights.

*In re Pinchuk* is inapposite because it is based on a unique set of facts that do not resemble the scenario here. In particular, the Court's decision relied on the fact that the potential intervenors owned the corporate discovery subjects and had already represented to the foreign tribunal that the discovery subjects would cooperate. *See In re Pinchuk*, 13-MC-22857, 2014 WL 12600728, at *5 (S.D. Fla. Jan. 27, 2014) ("First, K & B have either a majority or minority beneficial ownership interest in the Discovery Subjects, depending on which representation is being analyzed. Second, their relationship is sufficiently close to permit Kolomoisky to unequivocally represent to the London

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

tribunal that he will ensure the production of the documents at issue from the Discovery Subjects—based (at least initially) solely on an oral agreement. Third, because K & B have a significant relationship, they will be able to exchange information about developments in the London arbitration proceedings."). None of these similarities exist *sub judice*. Indeed, Francesco has not requested or otherwise sought the discovery he seeks here in the Italian litigation nor could he as the proceedings are closed.

Here, the two brothers have been embroiled in litigation in Italy since 2008, roughly a decade before the RCCL transaction with Silversea. It would therefore be impossible for RCCL to even begin to contemplate how to respond to Francesco's Application nor could RCCL have the depth of knowledge about the Italian litigation to properly review and object to the production of certain documents based on relevancy and scope or even to levy objections to deposition questions.

Accordingly, the Court should recognize Manfredi's *right* to intervene in this action.

## II. Manfredi Also Qualifies to Permissively Intervene

Francesco argues that Manfredi is not entitled to permissive intervention because "[Manfredi] has not demonstrated that intervention would not result in undue delay or prejudice." ECF No. 30 at 4. There is no support for this argument. There is nothing about Manfredi asserting his legal rights that would cause "undue" delay or prejudice to Francesco, particularly given that Francesco has been on the losing side of litigation for over a decade.

Reading between the lines, Francesco is attempting to prevent Manfredi from being able to present the facts and arguments as to why the section 1782 Application is legally deficient. But Francesco is not entitled to the discovery he seeks – either here or anywhere else. Indeed, the fact that he has not sought such discovery in the Italian proceedings is indicative of the fact that he is not so entitled. "Delaying" Francesco's ability to obtain something that he is not lawfully entitled to receive is not, as Francesco contends, "undue delay or prejudice." It is ***due*** **process**.

PAGE 7 OF 8

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

## CONCLUSION

Because RCCL cannot adequately protect Manfredi's interests relating to this decade-long intra-family Italian dispute, the Court should grant Manfredi's motion to intervene as a matter of right or, in the alternative, should exercise its discretion to grant permissive intervention.

Respectfully submitted,

**FUERST ITTLEMAN DAVID & JOSEPH**
*Attorneys for Manfredi Lefebvre*
SunTrust International Center
One Southeast Third Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 350-5690
Facsimile: (305) 371-8989
Email: ajoseph@fidjlaw.com
Secondary: lcabrera@fidjlaw.com

By: */s/ Allan A. Joseph*
  ALLAN A. JOSEPH
  Florida Bar No. 893137

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 1, 2019, I filed the foregoing document with the Clerk of the Court via hand delivery. I also certify that the foregoing document is being served this day on counsel of record for Applicant and RCCL via email.

*/s/ Allan A. Joseph*
Allan A. Joseph

PAGE 8 OF 8

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM